Minshall, J.
The errors assigned on the charge of the court and on the admission and rejection of evidence are, in our opinion, immaterial in this case. The question is whether these tellurian globes should be classed as appa/ratus or not, within the meaning of the statute, section 3995, Revised Statutes, limiting the power of school *202 boards of the class to which the .defendant below belongs, in making such purchases, to the half of seventy-five dollars in any one year; if they should, •then the board exceeded its power and no recovery can be had upon the contract. The plaintiff below claimed that they might be regarded as school furniture, purchasable by the board under the provisions of sections 3987 and 3988, Revised Statutes, under which ample power is conferred to make such purchases, where the cost does not exceed five hundred dollars. The question is presented by the pleadings; for, although the reply denies that the things described in the third defense are apparatus, it does not deny the description given of them nor the use for which they were intended. It is averred that each tellurian globe is intended as an apparatus for the demonstration of such branches of education as may be taught in the schools of the township; that by them are illustrated the operation of the causes which produce the succession of day and night, and the inequalities in the length of such days and nights, the change of the seasons, and the relative positions and motions of the sun, earth and moon; during such changes, the moon’s phases, and, also, solar and lunar eclipses, to which is added a minute description of the construction of the globes and of each and every part of them; none of which allegations are denied. Section 3995 provides that, “In any district -the board of education may appropriate money from the contingent fund for the purchase of such books, other than school books, as it may deem suitable for the use and improvement of the scholars and teachers of the district, and in the purchase of philosophical or other apparatus for the demonstration of such branches of educa *203 tion as maybe taught in the schools of the district, or for either of such purposes; but not more than one-half of the amount herein authorized to be appropriated shall be expended in the purchase of such apparatus.’’,.
The statute then fixes the amounts that may be so appropriated in any one year by the various classes into which school districts are divided, the amount allowed the class to which the defendant belongs being seventy-five dollars. We recur, then, to the question, What is the meaning of the term “apparatus,”as used in this statute? Though a latin word in form and origin, it is in common use and as much a part of our vocabulary as any other word in the English language. It is defined by lexicographers as an equipment of things provided and adapted as a means to some end; any complex instrument or appliance' for a specific action or operation, of which mechanical or chemical instruments are given as-examples. Webster’s and The Century Dictionary. We are satisfied -that the term was used by the legislature in this sense, and that the globes in question are apparatus within the meaning of section 3995. ' The legislature must have intended to designate something used in the schools by the term “apparatus.” But no effort has been made to show what was in fact intended; and if the instruments in'question are not such, then we are left to infer that the legislature used the term ‘“apparatus”' in a vague and meaningless sense; or, in other words,that itmeant nothing. Such a construction is not admissible. The common acceptance of the term, as used in our schools, includes such instruments as these; and that the legislature used it in this sense, there can be no doubt. Nor is it material, as we think, that *204 they might, in a general sense, be termed school furniture. This would not bring them within the provisions of sections 3987 and 3988; for it is apparent that the legislature intended by section 3995 to distinguish such things as come within the meaning of “apparatus” from such furniture in general, by limiting the purchase thereof to such sums as the board is, by this section, empowered to expend in any one year for such purposes. In other words, the question is not whether thejr are school furniture, but Whether they are such kind of school furniture, as the legislature intended to distinguish by the term “apparatus.”
By the contract, the board was to pay $500 for eighteen of the globes. One-thind of this was paid, and the suit is brought to recover the remaining payments, amounting to $333.32, with interest. The character of the globes, as apparatus, is shown by the undisputed averments of the answer; so that the contract exceeded the powers of the board and is void for that reason. Therefore, upon the pleadings, judgment should have been rendered for the defendant below.
Judgment of the cwcuit court and of the common pleas reversed, and judgment on the pleadings for the defendant.